Good morning, Your Honors. May it please the Court. Vivian Fu for Petitioner-Appellant Joseph Raymond Ruiz. This is an AEDPA case. Mr. Ruiz appeals from the denial of his federal habeas petition. I'd like to focus on the issue of the admission of the .32 caliber gun, which was definitively concluded by all evidence presented to have absolutely no role in the shooting. Mr. Ruiz has raised a substantial but uncertified issue of ineffective assistance of trial counsel with respect to the admission of the gun. And I just want to touch on this issue first by urging the Court to grant a COA and allow briefing on the merits or remand to the district court for further proceedings. The record clearly demonstrates that defense counsel was deficient in allowing the gun to come in. The trial court initially ruled that the gun was not admissible because there wasn't sufficient nexus between Ruiz and the gun and it wasn't the murder weapon. And the prosecutor agreed not to bring it up without first alerting the court and having further discussion or argument. But there was never any further discussion. Despite the court's initial ruling excluding the gun, trial counsel mentioned the gun in his opening statement. He failed to object when Ruiz's girlfriend, Guadalupe, was questioned in detail about the gun. He also never argued to the court or to the jury that the .32 caliber gun was a different color than the black gun or guns that Rochelle Shea saw. And he also failed to object to the striking of testimony that the scent dog, Bo Jangles, first matched to co-defendant Eric Perez when presented with scent from the gun before going to Ruiz. And this failure allowed the prosecutor to argue in closing that Bo Jangles was on that day and also eliminated Perez's possible connection to the gun while shifting the focus entirely onto Ruiz as the second shooter. And the prosecutor even stated, quote, my case is stronger against Ruiz without a match to Perez. I can ask you because I want to make sure I understand your argument here because I think, you know, you're saying that this gun should have never been, the reference to the second gun should have never been allowed to come in, is that right? That's correct. So we would categorize that as admission of either irrelevant or other prejudicial evidence, is that right? Yes. I'd like to know, I mean, what you can tell me then how do we proceed if the Supreme Court has not made a real clear ruling on when admission of irrelevant or overly prejudicial evidence constitutes a due process violation? So I'm trying to figure out how can we say or find that the California Court of Appeals misapplied clearly established federal law, which is what we have to do in upholding the appellant's conviction. Well, our argument here would be that Estelle v. McGuire is the clearly established Supreme Court law and it established the general principle that evidence that renders the trial so fundamentally unfair violates due process. You know, admittedly, the Supreme Court has never held that admission of a particular piece of prejudicial evidence is fundamentally unfair, but it has held that admission of evidence was not fundamentally unfair. So, you know, the conclusion being, I mean, it's a general principle. And the Supreme Court has also made clear that, you know, it doesn't require the federal courts to wait for an identical fact pattern before. Let's just assume we can get to that and get to the underlying, you know, argument that you're making here that it shouldn't have been admitted. But are you saying it was irrelevant or overly prejudicial or what exactly? Both, actually, because it was not the murder. It was the only evidence was of a nine millimeter gun. But if I understand this correctly, and I want to make sure this is your opportunity to correct me on this, because I know this is really important to your client. But I believe the eyewitness or one of the witnesses said she saw two guns coming out of the car. Saw two, like, barrels of guns. And then they were able to track down, I guess, Mr. Reese's girlfriend. And apparently she had told officers that Mr. Reese had a gun or had brought a gun there previously to her house. And they found the gun at her house, in a locker outside her house. And then there was also some additional evidence that the dog had found the scent of the gun and somehow correlated it to Mr. Reese. So if you have an eyewitness, even though it wasn't the gun used, who's saying, wow, I saw two guns, and they can place that gun somewhere in connection with Mr. Reese, how is that irrelevant? Well, the gun, the .32 caliber gun was silver and wooden, and the gun that the witness saw was black. So even if she had seen two guns and she kind of went back and forth on maybe it was one gun, maybe it was two guns, it couldn't have been that gun, the one that was found outside the locker of Reese's girlfriend's house, where she lived with her sister, and tons of people came through. And that was the reason that the trial court kept it out in the first place. Counsel, can I, Judge Gould, if I could interject a question? Why is it irrelevant if a person like Reese is known to have a gun, even if it's not the gun used in the particular murder? Why is it irrelevant that a jury does not consider that? Because I think it only serves to prejudice. The prejudice outweighs any sort of probative value because the gun couldn't have had any role in this shooting. So the fact that maybe he has another gun that maybe he never used, maybe it's his girlfriend's gun, maybe it's somebody who came to the house, maybe he's seen it or touched it. That's not, you know, argument would be that that's not relevant to this. I understand your argument, but it seems the problem I have is that it's not so obvious that it's irrelevant that I would think it's a fundamental fairness or due process violation. So that's why I really want to know what Supreme Court precedent you think is closest to this case for you. Well, I think we would have to be, the general cases, the general principles set forth in Nestelvi-McGuire or Dowling. There isn't, I mean, I can see that there's no specific Supreme Court case that is on point that would say, you know, evidence is so prejudicial that it violates fundamental fairness. But I think that that general, that principle is set forth in Supreme Court cases that have been held. And the Supreme Court has also said that you don't have to have an identical fact pattern or identical or even close, but that, you know, before a general principle can be. So that's that. OK, thank you, counsel. Did you want to reserve the balance? Yes, I would. Thank you. Good morning, and may it please the court. Deputy Attorney General Shira Markovich on behalf of Respondent. The district court's opinion in this case was correct. With respect to the evidentiary error issue, this court held in Hawley that there is no clearly established Supreme Court precedent for which a petitioner can obtain federal habeas relief under the EDPA. This is an EDPA case, and therefore a petitioner cannot obtain relief. But even under the pre-EDPA standards, only if there are no permissible inferences from the evidence would it be a due process violation. And here that's simply not the case. The reasonable inferences drawn from the admission of the gun were that petitioner used the gun during the commission of the crimes and it connected to petitioner via the dog scent evidence and his girlfriend's statements to detectives. But it was a very different type of gun, so I'm just trying to figure out why isn't it overly prejudicial in light of what they knew. I understand it was a second gun and he may have had access to it, but when you drill down in terms of what the witness actually said, why wasn't this overly prejudicial? It wasn't prejudicial because while it's true that the forensics collected at the scene didn't only match one particular gun, the eyewitness clearly said she saw two guns. So this wasn't prejudicial. As the prosecutor mentioned in closing argument, because Shea saw two guns and she identified petitioner as the back passenger with the second gun, he said the gun could have jammed, the casings could have been injected to the car, who knows. But we know that Shea saw a second gun and we know that this gun connects to petitioner and therefore we know he's connected to this crime. Briefly, with respect to the ineffective assistance of counsel issues, that was also certified with respect to the jury instruction. The district court correctly found that there was no deficient performance. All of the uncharged acts were purely admitted to prove the gang special circumstance allegation and the gang enhancement and to go towards the motivation towards the crime. All of the parties understood that that's why the evidence was admitted and that's precisely why counsel didn't request this additional instruction that didn't pertain to just general uncharged acts as opposed to uncharged gang acts. And if there are no further questions, I would respectfully request that this court affirm the opinion of the district court denying federal habeas relief. I have no questions. Yes. You have no questions. Okay. Thank you. Thank you. I actually think the uncertified issue is his strongest issue because it's ineffective assistance of counsel, but if the court has further questions, I would. Let's focus on the prejudice aspect of the gun evidence if we could. As I understood the government's argument on that issue is that it was minimally prejudicial, although I'm a little confused based on the argument that I just heard, that it was minimally prejudicial because there was significant evidence presented that the 9mm, the other gun, was the murder weapon, so that there wasn't any real evidence submitted that the murder weapon was the .32 caliber handgun. Can you speak to that? There was no evidence presented that the .32 caliber gun was involved in the shooting at all. All the evidence, the bullet cases— So then why was your client prejudiced? I mean, if it didn't point— Well, based on—well, I think it would be a combination of the defense counsel not making clear that this gun was a different color, which I think would have just—would have caused the jury to disregard it completely, and the fact that the counsel didn't allow the striking of the testimony that the dog also tracked to the other co-defendant, Perez, first with respect to the gun, the jury could have believed, given the evidence that was presented, the jury could have thought, okay, the witness testified that it was a second gun. She saw a second gun. This was the only gun that was talked about at the trial. It was the only gun that was found. And so the jury could have thought, oh, well, he was the only other defendant that was linked to the gun. I mean, there was so much more evidence against the third defendant, Jose Elias, the one who was convicted of first-degree murder. And this one, if the gun hadn't been admitted, Ruiz would have been on the same footing as the third defendant, Perez, who was acquitted of all charges because the witness, the primary witness, saw all three people in the car. She testified that all three of them were involved. All three of them were in the car, and the jury convicted one of first-degree, my client of second-degree, and the third one was acquitted. And the only distinction between Ruiz and Perez was this gun. Counsel, I have a question for you if I could trouble you again. If we were to assume that Mr. Ruiz was in the car and had a gun with him, in other words, he was holding a gun, but it wasn't shot, it wasn't used in this crime, would he be liable on this charge for murder two just by virtue of being in the car and supporting the armed acts by having a gun? I suppose the jury could have found that he aided and abetted Elias, the defendant who was convicted of first-degree murder, if he had a gun and was aiming it out the window. Okay, thank you. Thank you, Ms. Fu and Ms. Markovich. I appreciate your presentations and your arguments here today. The case of Joseph Raymond Ruiz v. Ron Barnes is submitted.
judges: Gould, Murguia, Christensen